## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| TELEBRANDS CORP.<br><br>Plaintiff,<br><br>v.<br><br>MARC GLASSMAN, INC., and<br>MAGIC CREATIONS, INC.<br><br>Defendants. | Civil Action No. 3: 09-cv-00734 (RNC) |

## DECLARATION BY ELI MOUSTAKIS

I, **ELI MOUSTAKIS,** hereby declare under penalty of perjury the following:

1.     I am the President of Malnekoff Enterprises, Inc.  As such, I am authorized to speak on behalf of Malnekoff, and submit this declaration in my individual capacity and on behalf of Malnekoff.

2.     On or about February 27 to March 2, 2011, I, along with other Malnekoff employees, attended the Associated Surplus Dealers ("ASD") Las Vegas trade show at the Las Vegas Convention Center in Las Vegas, Nevada.  At the ASD trade show, I asked Michael Rubino, president of Magic Creations, if he would allow Malnekoff to use some of Magic Creations' booths.  He provided us with approximately 15 to 35 feet of booth frontage near the front of the ASD trade show.

3.     Magic Creations was and currently is under no obligation to provide Malnekoff or I booth space at the ASD trade show or any other trade show.  The two companies, Magic Creations and Malnekoff, are not affiliated with each other.

4.      I am not and have not ever been an owner, shareholder, officer, director, agent, servant, employee or attorney for Magic Creations.  Magic Creations has not and does not directly or indirectly control me.  I have not and do not act in concert or participate with Magic Creations in any business endeavor.  I do not and have not manufactured, imported, distributed, marketed, advertised, promoted, offered for sale, distributed or sold any products for Magic Creations.

5.      Malnekoff was not and is not an owner, shareholder, officer, director, agent, servant, employee or attorney for Magic Creations.  Malnekoff was not and is not directly or indirectly controlled by Magic Creations.  Malnekoff has not acted in concert or participation with Magic Creations in any business endeavor.  Malnekoff does not and has not manufactured, imported, distributed, marketed, advertised, promoted, offered for sale, distributed or sold any products for Magic Creations.

6.      Malnekoff's employees are not owners, shareholders, officers, directors, agents, servants, employees or attorneys for Magic Creations.  Malnekoff's employees are not directly or indirectly controlled by Magic Creations.  Malnekoff's employees have not acted in concert or participation with Magic Creations in any business endeavor.  Malnekoff's employees have not manufactured, imported, distributed, marketed, advertised, promoted, offered for sale, distributed or sold any products for Magic Creations.

7.      Malnekoff operated the booths provided by Magic Creations at the ASD trade show.  Magic Creations did not provide any assistance in operating the booths it provided to Malnekoff.

8.     In its inventory, Malnekoff carries approximately 30,000,000 units comprising approximately 14,000 unique items.  At the ASD trade show, Malnekoff had approximately 1,400 to 1,500 unique items in its booth.  Malnekoff was and is under no obligation to provide Magic Creations with information regarding the goods that it has in its booth, or sales from its booth.  Malnekoff also has no obligation to provide Magic Creations with information regarding Malnekoff's inventory or sales that occurred outside of the ASD trade show.  Prior to March 30, 2011, Malnekoff did not advise anyone at Magic Creations that it was offering to sell, sold or had in its possession any PED EGG products at the ASD trade show or in its inventory.

9.     Magic Creations did not provide Malnekoff with the PED EGG products that the plaintiff, Telebrands Corp., contends that Malnekoff sold.  Magic Creations did not instruct Malnekoff to sell PED EGGs on behalf of Magic Creations.

10.     Recently, I have received a complaint captioned *Telebrands Corp. v. Malnekoff Enterprises, Inc. and Eli Moustakis*, which was filed in the United States District Court of the Northern District of Illinois, Eastern Division on March 30, 2011 under civil action number 1:11-cv-02190.  In that complaint, it appears that the Plaintiff alleges that Malnekoff and/or I sold counterfeit PED EGG products.  A copy of this complaint is attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.  This Declaration is executed this 18 day of April, 2011 at Antioch IL 60002             .

Eli Moustakis

Page 3 of 3

## CERTIFICATION

This is to certify that on this 18th day of April 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____
Joseph G. Fortner, Jr.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

# Exhibit A
# to
# Declaration of
# Eli Moustakis

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

------------------------------------------------------------

|  |  |
|---|---|
| TELEBRANDS CORP., | ) |
| Plaintiff, | ) ) ) |
| | ) CASE NO. |
| v. | ) ) |
| MALNEKOFF ENTERPRISES, INC., and ELI MOUSTAKIS | ) ) ) JURY TRIAL DEMANDED |
| Defendants. | ) ) ) ) |

------------------------------------------------------------

## COMPLAINT

Plaintiff Telebrands Corp. ("Telebrands" or "Plaintiff"), for its Complaint against Defendants Malnekoff Enterprises, Inc. ("Malnekoff") and Mr. Eli Moustakis ("Moustakis") (collectively "Defendants") alleges as follows:

## NATURE OF CLAIMS

1.　　All of the claims asserted herein arise out of and are based on Defendants' unlawful promotion, distribution and sale of a counterfeit PED EGG product that infringes Plaintiff's intellectual property rights. This action arises under the Patent Laws of the United States (35 U.S.C. § 1 *et seq.*), the Trademark and Unfair Competition Laws of the United States (15 U.S.C. § 1051 *et seq.*), the Copyright Law of the United States (17 U.S.C. § 101 *et seq.*), and the statutory and common law of the State of Illinois (815 ILCS 510/1 *et seq.* 815 ILCS 505/1 *et seq.*).

## JURISDICTION AND VENUE

2.　　Jurisdiction of this Court is founded upon Section 39 of the Lanham Act, 15 U.S.C. §

1121, and 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a) and (b), and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

3.      Venue is proper within this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(a), as defendant Malnekoff is a corporation which is subject to personal jurisdiction, and therefore resides, in this Judicial District, and defendant Moustakis is an individual who, on information and belief, resides in the State of Illinois; and a substantial part of the events giving rise to the claims in this suit occurred in this Judicial District.

## THE PARTIES

4.      Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

5.      On information and belief, defendant Malnekoff is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business at 61 McMillen Road, Antioch, Illinois 60002. Upon information and belief, Malnekoff is doing business within the State of Illinois.

6.      On information and belief, defendant Moustakis is the President of Malnekoff, has a business address at 61 McMillen Road, Antioch, Illinois 60002, and does business within this Judicial District. On information and belief, Mr. Moustakis has actively and consciously directed Malnekoff's wrongful actions described herein.

7.      On information and belief, each of defendants Malnekoff and Moustakis was, relative to the acts herein alleged, the agent of the other, and each was acting within the scope, purpose, and

2

authority of that agency and with the knowledge, permission and consent of the other.

8.     On information and belief, defendant Moustakis has controlled the acts of Malnekoff as alleged herein.

9.     On information and belief, there has existed such a unity of interest between Malnekoff and defendant Moustakis that any individuality and separateness of Malnekoff and defendant Moustakis has ceased, such that each is the agent and alter-ego of the other in the acts hereinafter alleged.

10.     On information and belief, any and all acts hereinafter ascribed to Malnekoff or defendant Moustakis were done with the permission, consent, knowledge, and active inducement on the part of the other defendant, and the defendants together acted as co-conspirators and/or agents in the performance of the acts hereinafter more particularly described.

## FACTUAL BACKGROUND

11.     Telebrands is a direct marketing company and, since 1987, has been engaged in the business of marketing and selling a wide variety of consumer products throughout the United States and within this Judicial District, principally through direct response advertising and through national retail stores. Telebrands is one of the recognized leaders in the direct response television marketing industry. Telebrands' success is based in part by expending a large amount of money advertising products on television for direct response orders.

12.     Telebrands markets and sells numerous well-known "As Seen on TV" products, including the PED EGG, SHOES UNDER, and EZ COMBS products. Telebrands' products can be found in major retailers such as WalMart, Target, Bed Bath & Beyond, CVS, and Walgreens.

**Telebrands' PED EGG Product**

13.     Telebrands markets and sells a product under the trademark PED EGG.  The PED EGG product is a foot file designed to remove calluses and dead skin from a user's feet.

14.     The PED EGG product has a unique, non-functional and distinctive product configuration and trade dress which is characterized, in part, by (a) a generally egg-shaped configuration; (b) a white color and (c) a curved profile along the lower side edge ("PED EGG Product Trade Dress").  The trademark PED EGG and a foot design appear in blue ink on the top cover of the PED EGG product.  Photographs of the PED EGG product are attached as Exhibit A.  The PED EGG Product Trade Dress was adopted to give the PED EGG product a distinctive appearance and to indicate source.

15.     The arrangement and combination of these elements, including a distinctive combination of colors, is arbitrary and fanciful, distinctive, non-functional and well-recognized, and constitutes valid trade dress.  The PED EGG Product Trade Dress represents the source of Telebrands' product sold in association therewith, and a substantial goodwill of Telebrands throughout the United States, including the State of Illinois.  Telebrands possesses exclusive rights to this PED EGG Product Trade Dress.

16.     The new, non-obvious and ornamental design of the PED EGG product is the subject of U.S. Design Patent No. D596,802 for a "Foot Micro File," which issued on July 21, 2009 and U.S. Design Patent D596,353 for "Combined Foot Micro File and Holder", which issued on July 14, 2009 (collectively "PED EGG Design Patents"), copies of which are attached as Exhibits B and C, respectively.  Telebrands is the exclusive licensee of the PED EGG Design Patents, which are owned by International Edge, Inc.

4

17.     Telebrands also is the exclusive licensee of U.S. Trademark Registration No. 3,633,750, issued on June 9, 2009, and owned by International Edge, Inc., for the PED EGG foot file product configuration trademark ("PED EGG Design Trademark"). A copy of that U.S. Trademark Registration is attached as Exhibit D. Telebrands is also the exclusive licensee of U.S. Trademark Registration No. 3,450,241, issued on June 17, 2008 and owned by International Edge, Inc., for the trademark PED EGG and U.S. Trademark Registration No. 3,522,124, issued on October 21, 2008 and owned by International Edge, Inc., for the trademark PED EGG and Design. Copies of these U.S. Registrations are attached as Exhibits E and F. The foregoing U.S. Trademark Registration Nos. 3,633,750; 3,450,241; and 3,522,124 will be referred to herein collectively as the "PED EGG Trademarks." The Ped Egg Trademarks are valid and subsisting.

18.     The PED EGG Trademarks are fanciful, distinctive and well-recognized and represent the source of Telebrands' product sold in association therewith and a substantial goodwill of Telebrands throughout the United States, including the State of Illinois.

19.     Telebrands began to air the original PED EGG product television commercial nationally in October 2007, and sales of the PED EGG product grew rapidly. Telebrands sells the PED EGG product through direct response channels to the general consuming public throughout the United States and within this Judicial District. Telebrands also sells the PED EGG product to consumers through major retailers, including, but not limited to, Walgreens, CVS, Bed, Bath & Beyond and Target, throughout the United States and within this Judicial District.

20.     The PED EGG product is sold in packaging which has a unique and distinctive trade dress, as shown in the photographs attached as Exhibit G. The distinctive PED EGG packaging is characterized, in part, by: (a) the PED EGG product is displayed through a clear blister package; (b)

5

the printed backing has blue text on a white background with one yellow element; (c) the PED EGG logo with a foot silhouette is displayed on the left; (d) the metal filing cartridge is displayed through the clear packaging on the right; (e) a raised section extends across the bottom of the blister package; and (f) the raised section has a curved contour and displays content which repeats the blue and white color scheme ("PED EGG Packaging Trade Dress"). The raised section shows an image of a woman using the PED EGG product on her feet, an image of the emery pads, and the following text:

- Includes 2 Emery Finishing Pads!
- Over 135 Precision Micro Files
- Safe To The Touch
- Ergonomic Design
- Traps Shavings – No Mess

The PED EGG Packaging Trade Dress was adopted to give the PED EGG packaging a distinctive appearance and to indicate source.

21. The arrangement and combination of these elements, including a distinctive combination of colors, is arbitrary and fanciful, distinctive, non-functional and well-recognized, and constitutes valid trade dress. The PED EGG Packaging Trade Dress represents the source of Telebrands' product sold in association therewith, and a substantial goodwill of Telebrands throughout the United States, including the State of Illinois. Telebrands possesses exclusive rights to this PED EGG Packaging Trade Dress.

22. The packaging for the PED EGG product represents a wholly original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under the Copyright Law of the United States. U.S. Copyright Registration No. VA 1-629-218 duly issued for

6

the PED EGG product packaging and is valid and subsisting. A copy of the Certificate of Registration for the PED EGG product packaging is attached as Exhibit H. Telebrands is the exclusive licensee under this copyright and has duly marked the packaging with a copyright notice.

23.     Telebrands has expended millions of dollars advertising and promoting the PED EGG product on television, on the Internet and in print, most of which emphasizes the distinctive PED EGG Trademarks, PED EGG Product Trade Dress, and the PED EGG Packaging Trade Dress. As a result, the PED EGG has become a cultural phenomenon, spurring hundreds of videos on You Tube and fan and parody spots on the Internet and broadcast television. Telebrands has sold more than 27 million units of the PED EGG product in the United States since October 2007. The PED EGG product has appeared and been featured on television, including on the well-known talk show "The View" and on NBC, FOX and ABC News Reviews. Indeed, NBC's comedy show "Saturday Night Live" featured the PED EGG product in a skit about three female talk-show hosts who take a break from interviewing their guests to attend to pedicure activities.

24.     As a result of its extensive advertising and promotional activities which emphasize the distinctive PED EGG Trademarks, PED EGG Product Trade Dress and PED EGG Packaging Trade Dress, and further as a result of its enormous sales, the distinctive PED EGG Trademarks, PED EGG Product Trade Dress, and PED EGG Packaging Trade Dress, have become well and favorably known to the purchasing public and widely recognized as indicating the source or origin of the PED EGG product.

25.     The PED EGG Trademarks, the PED EGG Product Trade Dress, and the PED EGG Packaging Trade Dress, are fanciful, non-functional, distinctive and well-recognized and represent substantial goodwill of Telebrands throughout the United States, including in this Judicial District.

7

## Defendants' Acts of Infringement Concerning the PED EGG Product

26.     On information and belief, without authorization from Telebrands, and long after the PED EGG Trademarks and Trade Dress became famous, Defendants distributed, offered for sale, and sold counterfeit PED EGG product in the State of Illinois, bearing Telebrands' distinctive PED EGG Trademarks, the distinctive PED EGG Product and Packaging Trade Dress, and original copyrighted material, and embodying the invention claimed in the PED EGG Design Patents ("Counterfeit PED EGG Product"). Photographs showing Telebrands' genuine PED EGG product and Defendants' Counterfeit PED EGG Product side-by-side for comparison purposes is attached as Exhibit I. Photographs showing Telebrands' genuine PED EGG packaging and Defendants' Counterfeit PED EGG Product packaging side-by-side for comparison purposes are attached as Exhibit J.

27.     Defendants are using the identical PED EGG Trademarks, the PED EGG Product and Packaging Trade Dress, and the nearly identical product packaging used by Telebrands.

28.     On information and belief, Defendants' adoption of the invention claimed in the PED EGG Design Patents as well as its adoption and use of a counterfeit, copy or colorable imitation of the PED EGG Trademarks, PED EGG Product Trade Dress, PED EGG Packaging Trade Dress, and copyrighted materials was intentional and with full knowledge of Telebrands' rights.

29.     Defendants' adoption of the invention claimed in the PED EGG Design Patents and use of a counterfeit, copy or colorable imitation of the PED EGG Trademarks, PED EGG Product Trade Dress, PED EGG Packaging Trade Dress, and copyrighted materials was and is without Telebrands' authorization and consent.

30.     On information and belief, Defendants' adoption and use of a counterfeit, copy or

8

colorable imitation of the PED EGG Trademarks, PED EGG Product and PED EGG Packaging Trade Dress and copyrighted materials was and is with the intent and purpose of confusing, misleading and deceiving the public, and unfairly capitalizing on Telebrands initiative and valuable goodwill.

31.     Defendants' acts as recited herein have been undertaken in bad faith so as to compete unfairly with Telebrands.

32.     Defendants' actions have damaged and are likely to damage the reputation and good will of Telebrands.

33.     Telebrands is being irreparably injured and monetarily damaged by Defendants' acts. Telebrands has no adequate remedy at law.

## COUNT ONE
## (PATENT INFRINGEMENT OF U.S. D596,802)

34.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-33 above, as though fully set forth herein.

35.     This cause of action rises under Section 35 of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 289.

36.     The PED EGG Design Patent is valid and enforceable.

37.     By the acts alleged above, Defendants have made, used, offered to sell, sold and/or imported into the United States products having a design that infringe the claims of the PED EGG Design Patent, without Telebrands' authorization or consent.

38.     On information and belief, Defendants' infringement has been intentional and willful, making this an exceptional case.

39.     Defendants will, on information and belief, continue to infringe upon Telebrands'

9

rights under §§ 271 and/or 289 of the Patent Act, unless and until they are enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

## COUNT TWO
### (PATENT INFRINGEMENT OF U.S. D596,353)

40.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-39 above, as though fully set forth herein.

41.     This cause of action rises under Section 35 of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 289.

42.     The PED EGG Design Patent is valid and enforceable.

43.     By the acts alleged above, Defendants have made, used, offered to sell, sold and/or imported into the United States products having a design that infringe the claims of the PED EGG Design Patent, without Telebrands' authorization or consent.

44.     On information and belief, Defendants' infringement has been intentional and willful, making this an exceptional case.

45.     Defendants will, on information and belief, continue to infringe upon Telebrands' rights under §§ 271 and/or 289 of the Patent Act, unless and until they are enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

## COUNT THREE
### (FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS)

46.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-45 above, as though fully set forth herein.

10

47.     This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. §1114 *et seq.*

48.     By the acts alleged above, Defendants have used in commerce in connection with their goods, a reproduction, counterfeit, copy and/or colorable imitation of Telebrands' federally registered PED EGG Trademarks in connection with the offering for sale, distribution and advertising of counterfeit goods in a manner that is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' product and packaging, in violation of 15 U.S.C. §1114(1).

49.     On information and belief, Defendants' complained of acts are willful.

50.     Defendants will, on information and belief, continue to infringe upon Telebrands' rights unless and until they are enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

## COUNT FOUR
## (INFRINGEMENT OF PED EGG PRODUCT TRADE DRESS)

51.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-50 above, as though fully set forth herein.

52.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Defendants' unauthorized distribution and sale in interstate commerce of a counterfeit PED EGG product, bearing a copy, counterfeit or colorable imitation of Telebrands' distinctive trade dress for its PED EGG product and bearing false designation of origin, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' product by Telebrands.

11

54.     By using such trade dress, Defendants have falsely and misleadingly described and suggested that the Counterfeit PED EGG Product they are selling and offering for sale emanates from or is sponsored or approved by Telebrands.

55.     On information and belief, Defendants' complained of acts are willful.

56.     Defendants will, on information and belief, continue to infringe upon Telebrands' rights under §43(a) of the Lanham Act unless and until they are enjoined by this Court.  Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

## COUNT FIVE
## (INFRINGEMENT OF PED EGG PACKAGING TRADE DRESS)

57.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-56 above, as though fully set forth herein.

58.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Defendants' unauthorized distribution and sale in interstate commerce of a counterfeit PED EGG product, bearing a copy, counterfeit or colorable imitation of Telebrands' distinctive trade dress for its PED EGG packaging and bearing false designation of origin, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' product by Telebrands.

60.     By using such trade dress, Defendants have falsely and misleadingly described and suggested that the Counterfeit PED EGG Product they are selling and offering for sale emanates from or is sponsored or approved by Telebrands.

61.     Defendants will, on information and belief, continue to infringe upon Telebrands'

rights under §43(a) of the Lanham Act unless and until they are enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

### COUNT SIX
### (COPYRIGHT INFRINGEMENT)

62.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-61 above, as though fully set forth herein.

63.     This cause of action arises under Section 501 of the Copyright Act of 1976, 17 U.S.C. § 501, *et seq*.

64.     By the acts above alleged, Defendants have infringed U.S. Copyright Registration Nos. VA 1-629-218.

65.     On information and belief, all of Defendants' acts were without Telebrands' authorization or consent and Defendants' complained of acts are willful.

66.     Defendants will, on information and belief, continue to infringe upon Telebrands' rights under §501 of the Copyright Act unless and until Defendants are enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Defendants are enjoined.  Telebrands has no adequate remedy at law.

### COUNT SEVEN
### (UNFAIR AND DECEPTIVE BUSINESS PRACTICES
### UNDER ILLINOIS STATUTORY LAW)

67.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-66 above, as though fully set forth herein.

68.     This cause of action arises under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

69.     By the acts alleged above, Defendants have willfully engaged in unfair methods of competition and deceptive acts or practices in the conduct of trade or commerce in violation of the Illinois Unfair Business Practices Act, 815 ILCS 505/1 *et seq.*

70.     Telebrands has no adequate remedy at law and, if Defendants' activities are not enjoined, Telebrands will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT EIGHT
### (DECEPTIVE TRADE PRACTICE UNDER ILLINOIS STATUTORY LAW)

71.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-70 above, as though fully set forth herein.

72.     This cause of action arises under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

73.     By the acts alleged above, Defendants have willfully engaged in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

74.     Defendants' unauthorized distribution and sale in interstate commerce of a counterfeit PED EGG product, bearing a copy, counterfeit or colorable imitation of Telebrands' distinctive trade dress for its PED EGG product and packaging, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' product by Telebrands in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

75.     Defendants have used in commerce in connection with its goods, a reproduction, counterfeit, copy and/or colorable imitation of Telebrands' PED EGG Trademarks in connection with the offering for sale, distribution and advertising of counterfeit goods in a manner that is likely

14

to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' product, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

76.     Telebrands had no adequate remedy at law and, if Defendants' activities are not enjoined, Telebrands will continue to suffer irreparable harm and injury to its goodwill and reptutation.

### COUNT NINE
### (COMMON LAW UNFAIR COMPETITION)

77.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-76 above, as though fully set forth herein.

78.     This cause of action arises under Illinois common law.

79.     Defendants' unauthorized distribution and sale in interstate commerce of a counterfeit PED EGG product, bearing a copy, counterfeit or colorable imitation of Telebrands' distinctive trade dress for its PED EGG product and packaging, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' product by Telebrands in violation of the common law of unfair competition of Illinois.

80.     Defendants have used in commerce in connection with its goods, a reproduction, counterfeit, copy and/or colorable imitation of Telebrands' PED EGG Trademarks in connection with the offering for sale, distribution and advertising of counterfeit goods in a manner that is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' product, in violation of Illinois common law.

81.     Defendants will, on information and belief, continue to impair Telebrands' rights unless and until they are enjoined by this Court. Telebrands has been and is likely to continue to be

irreparably injured unless Defendants are enjoined. Telebrands has no adequate remedy at law.

**WHEREFORE**, Telebrands respectfully requests that the Court enter one or more Orders:

a.       Entering judgment in Telebrands' favor and against all Defendants on all counts of the Complaint;

b.       Preliminarily and permanently enjoining Defendants, their agents, servants, employees and all those in active concert or participation with them:

1.       from infringing United States Patent Nos. D596,802 and D596,353;

2.       from importing, distributing, advertising, promoting, offering for sale and selling the Counterfeit PED EGG Product;

3.       from importing, distributing, advertising, promoting, selling, or offering for sale any product under or in connection with the PED EGG Trademarks, or any colorable variation of the PED EGG Trademarks, or any confusingly similar marks unless the product emanates from or is authorized by Telebrands;

4.       from importing, distributing, advertising, promoting, selling, or offering for sale products that incorporate, copy or colorably imitate the trade dress of Telebrands' PED EGG Product Trade Dress or PED EGG Packaging Trade Dress;

5.       from importing, distributing, advertising, promoting, selling, or offering for sale the product shown in Exhibit I and the packaging shown in Exhibit J, or any copy or colorable imitation thereof or any confusingly similar trade dress;

6.       from importing, distributing, advertising, promoting, selling, or offering for sale product in packaging copied from or substantially similar or identical to the packaging for

Telebrands' PED EGG product, which is the subject of U.S. Copyright Registration No.VA 1-629-218;

   7.  from otherwise unfairly competing with Telebrands in any manner; and

   8.  from falsely representing or suggesting that the product Defendants sell or offer for sale is genuine, or is authorized by or emanates from Telebrands, or from otherwise falsely advertising, representing or suggesting any connection with Telebrands unless Defendants' product is genuine PED EGG product and emanates from or is authorized by Telebrands.

  c.  Requiring Defendants:

   1.  to cancel all outstanding orders for their Counterfeit PED EGG Product and to refund any monies received for such orders;

   2.  to notify all customers or retailers that their Counterfeit PED EGG Product are not associated with, sponsored by or affiliated with Telebrands or Telebrands' PED EGG product; and

   3.  to issue a recall of all of the Counterfeit PED EGG Product Defendants have sold or shipped to their customers or retailers.

  d.  Requiring Defendants to pay their profits to Telebrands, any damages sustained by Telebrands as a result of Defendants' acts, and Telebrands' costs for the action, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(b) and/or Illinois state law;

  e.  Requiring Defendants to pay statutory damages pursuant to 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c);

  f.  Requiring Defendants to pay to Telebrands any damages Telebrands has suffered arising out of and/or as a result of Defendants' patent infringement, including its lost profits and/or

reasonable royalties for Defendants' patent infringement and any other relief provided for in 35 U.S.C. §§ 284 and 289;

g. Requiring Defendants to pay to Telebrands three times the amount of Telebrands' actual damages due to the circumstances of this case, pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) and/or Illinois State Law;

h. Requiring that all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the PED EGG Trademarks, and any reproduction, copy, counterfeit or colorable imitation of Telebrands' PED EGG Trademarks, and PED EGG Product and Packaging Trade Dress, and all plates, molds, matrices and other means of making the same, be delivered up to Telebrands for destruction, pursuant to 15 U.S.C. § 1118;

i. Requiring that all copies of Telebrands' PED EGG packaging and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, be impounded and delivered up to Telebrands for destruction, pursuant to 17 U.S.C. § 503;

j. Imposing Telebrands' costs and reasonable attorneys' fees against Defendants because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and/or Illinois state law and/or any other damages recoverable under any other statute alleged in this Complaint;

k. Requiring Defendants to pay to Telebrands punitive damages due to the exceptional circumstances of this case; and

l. Granting such other and further relief as this Court deems just and proper.

18

## JURY DEMAND

Plaintiff Telebrands Corp. requests a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: March 30, 2011

SCHIFF HARDIN LLP

By: _s/ Stacie R. Hartman_

Stacie R. Hartman (Ill. Bar No. 6237265)
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606-6473
(312) 258-5607
shartman@schiffhardin.com


*Of Counsel*

COOPER & DUNHAM LLP

Peter D. Murray
Robert T. Maldonado
Hindy Dym
Cooper & Dunham LLP
30 Rockefeller Center
New York, New York 10112
(212) 278-0400
(212) 391-0525 (fax)
pdmurray@cooperdunham.com
rmaldonado@cooperdunham.com
hdym@cooperdunham.com

Attorneys for Plaintiff

# EXHIBIT A



Case: 1:11-cv-02190 Document #: 1-1 Filed: 03/30/11 Page 3 of 44 PageID #:22











ase: 1:11-cv-02190 Document #: 1-1  Filed: 03/30/11 Page 7 of 44 PageID #:

# EXHIBIT B

US00D596802S

(12) **United States Design Patent**     (10) Patent No.:     **US D596,802 S**
Yang     (45) **Date of Patent:**     ∗∗     **Jul. 21, 2009**

(54) **FOOT MICRO FILE**

(75) Inventor:     **Jun Yang**, Zhejiang (CN)

(73) Assignee:     **International Edge Inc.**, Fairfield, NJ (US)

(∗∗) Term:     **14 Years**

(21) Appl. No.:     **29/308,976**

(22) Filed:     **Jul. 17, 2008**

**Related U.S. Application Data**

(63) Continuation of application No. 29/292,719, filed on Oct. 25, 2007, now abandoned.

**Foreign Application Priority Data**

Sep. 14, 2007     (CN)     .......................     2007 3 0309021

(51) **LOC (9) Cl.**     .................................     **28-03**
(52) **U.S. Cl.**     ......................................     **D28/59**; D24/147
(58) **Field of Classification Search** .................     D28/57,
D28/59, 60; 132/73, 73.5, 75, 75.3, 75.4,
132/75.5, 75.6, 76.2, 76.4, 76.5; 30/26–29;
D24/147; D7/678
See application file for complete search history.

(56)     **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,498,156 | A | 6/1924 | Drew |
| 1,714,371 | A | 5/1929 | Jackson |
| 2,573,487 | A | 10/1951 | Potvin |
| D167,270 | S | 7/1952 | Marcus |
| 2,612,683 | A | 10/1952 | Potvin |
| 2,714,908 | A | 8/1955 | Carmack |
| 2,746,461 | A | 5/1956 | Bocchino |
| D186,752 | S | 11/1959 | Dean |
| 3,279,043 | A | 10/1966 | Wirt |
| 3,600,803 | A | 8/1971 | Nachel |
| 3,636,625 | A | 1/1972 | Pracht |
| 3,762,243 | A | 10/1973 | Borrkfield |
| 3,797,505 | A | 3/1974 | Gilhaus et al. |
| 4,057,053 | A | 11/1977 | Kunz |

(Continued)

FOREIGN PATENT DOCUMENTS

DE     3320594     12/1984

(Continued)

OTHER PUBLICATIONS

English language abstract of West German Patent Application No. DE 3320594, esp@cenet database, Dec. 13, 1984.

*Primary Examiner*—Jennifer Rivard
(74) *Attorney, Agent, or Firm*—Cooper & Dunham LLP

(57)     **CLAIM**

The ornamental design for a foot micro file, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view thereof;

FIG. **2** is a front view thereof;

FIG. **3** is a right side view thereof;

FIG. **4** is a rear view thereof;

FIG. **5** is a left side view thereof;

FIG. **6** is a top view thereof; and,

FIG. **7** is a bottom view thereof.

The broken lines in FIG. **7** illustrate a portion of the foot micro file and form no part of the claimed design.

**1 Claim, 7 Drawing Sheets**



# US D596,802 S

Page 2

## U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D251,103 | S | 2/1979 | Puustinen |
| 4,422,465 | A | 12/1983 | Haga |
| D276,812 | S * | 12/1984 | Kanazawa ................... D7/678 |
| 4,537,207 | A | 8/1985 | Gilhaus |
| 5,302,234 | A | 4/1994 | Grace et al. |
| 5,522,136 | A | 6/1996 | Larisey |
| 5,564,189 | A | 10/1996 | Lee |
| 5,570,700 | A | 11/1996 | Vogeler |
| 5,653,024 | A | 8/1997 | Cartagenova |
| D393,986 | S | 5/1998 | Joergensen |
| 5,832,610 | A | 11/1998 | Chaplick |
| 5,881,735 | A | 3/1999 | Kutnik |
| 5,913,313 | A | 6/1999 | Brunderman |
| 6,142,156 | A * | 11/2000 | Brunderman .............. 132/76.4 |
| 6,283,978 | B1 | 9/2001 | Cheski et al. |
| 6,481,443 | B1 * | 11/2002 | Moore-Johnson et al. ..... 132/73 |
| D483,910 | S * | 12/2003 | O'Brien, II ................. D28/57 |
| D486,268 | S * | 2/2004 | Chien ......................... D28/59 |
| 6,733,595 | B1 | 5/2004 | Grillo |
| D491,774 | S | 6/2004 | Brousseau et al. |
| D494,026 | S | 8/2004 | Brousseau et al. |
| D499,313 | S * | 12/2004 | Lawson et al. ............... D7/678 |
| D523,143 | S | 6/2006 | Anderson et al. |
| 7,093,603 | B2 | 8/2006 | Han |
| D550,522 | S * | 9/2007 | Raia ........................... D7/678 |
| D568,118 | S | 5/2008 | Chalfant et al. |
| 2002/0087167 | A1 * | 7/2002 | Winitsky .................... 606/131 |
| 2005/0061343 | A1 | 3/2005 | Ebner |
| 2006/0178676 | A1 | 8/2006 | Anderson et al. |
| 2007/0214557 | A1 | 9/2007 | Qiu |
| 2008/0000490 | A1 * | 1/2008 | Jo .............................. 132/76.4 |
| 2008/0045974 | A1 * | 2/2008 | Dixon ........................ 606/131 |
| 2008/0091216 | A1 | 4/2008 | Grace et al. |

## FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | 19624578 | 1/1998 |
| KR | 20030096747 | 12/2003 |
| WO | WO 03024290 | 3/2003 |
| WO | WO 2004075764 | 9/2004 |
| WO | WO 2006068638 | 6/2006 |

## OTHER PUBLICATIONS

English language abstract of Republic of Korea Patent Publication No. KR 20030096747, esp@cenet database, Dec. 31, 2003.

"Nutmeg Grater", 4 pages, <http://www.silvercollection.it>, before 2007.

Summary Information of European Design No. 000527940-0001, 2 pages, <http://oami.europa.eu>, RCD-Online database, Jun. 27, 2006.

"Comfort Callus Rasp", 1 page, <www.tweezerman.com>, 2005.

English language abstract of German Patent Publication No. DE 19624578, esp@cenet database, Jan. 8, 1998.

"Replaceable Cartridge for XL Pro Foot File", 2 pages, <www.microplane.com>, 2006.

"Transform Your Soles!", 2 pages, <www.microplane.com>, 2005.

"Microplane Personal Care", instruction sheet, 1 page, 2008.

* cited by examiner

Case: 1:11-cv-02190 Document #: 1 Filed: 03/30/11 Page 1 of 44 PageID #:30
Case 3:09-cv-00764-RNC  Document 48  Filed 04/18/11  Page 35 of 68



FIG. 1

Case: 1:11-cv-02190 Document #: 1 Filed: 05/30/11 Page 12 of 44 PageID #:31



*FIG.* 2

Case: 1:11-cv-02190 Document #: 1 Filed: 03/30/11 Page 13 of 44 PageID #:32



*FIG. 3*

Case: 1:11-cv-02190 Document #: 1 Filed: 05/30/11 Page 14 of 44 PageID #:33



*FIG. 4*

Case: 1:11-cv-02130 Document #: 1 Filed: 03/30/11 Page 15 of 44 PageID #:34



*FIG. 5*

Case: 1:11-cv-02150 Document #: 1 Filed: 05/30/11 Page 40 of 44 PageID #:35



*FIG.* **6**

Case: 1:11-cv-02130 Document #: 1 Filed: 03/30/11 Page 17 of 44 PageID #:36
Case 3:09-cv-00734-PNC Document 49 Filed 04/18/11 Page 41 of 68



*FIG. 7*

Case 3:09-cv-00734-RNC Document 49 Filed 04/18/11 Page 42 of 68

# EXHIBIT C

US00D596353S

(12) **United States Design Patent**
Yang

(10) Patent No.: **US D596,353 S**
(45) Date of Patent: ✱✱ **Jul. 14, 2009**

(54) **COMBINED FOOT MICRO FILE AND HOLDER**

(75) Inventor: **Jun Yang**, Zhejiang (CN)

(73) Assignee: **International Edge Inc.**, Fairfield, NJ (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/308,980**

(22) Filed: **Jul. 17, 2008**

**Related U.S. Application Data**

(63) Continuation of application No. 29/292,718, filed on Oct. 25, 2007, now abandoned.

(30) **Foreign Application Priority Data**

Sep. 14, 2007 (CN) ........................ 2007 3 0309021

(51) LOC (9) Cl. ................................................ **28–03**
(52) U.S. Cl. ...................................... **D28/59;** D24/147
(58) **Field of Classification Search** ................ D28/57, D28/59, 60; 132/73, 73.5, 75, 75.3, 75.4, 132/75.5, 75.6, 76.2, 76.4, 76.5; 30/26–29; D24/147; D7/678
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,498,156 | A | 6/1924 | Drew |
| 1,714,371 | A | 5/1929 | Jackson |
| D167,270 | S | 7/1952 | Marcus |
| 2,612,683 | A | 10/1952 | Potvin |
| 2,714,908 | A | 8/1955 | Carmack |
| 2,746,461 | A | 5/1956 | Bocchino |
| D186,752 | S | 11/1959 | Dean |
| 3,279,043 | A | 10/1966 | Wirt |
| 3,600,803 | A | 8/1971 | Nachel |

| | | | |
|---|---|---|---|
| 3,636,625 | A | 1/1972 | Pracht |
| 3,762,243 | A | 10/1973 | Borrkfield |
| 3,797,505 | A | 3/1974 | Gilhaus et al. |
| 4,057,053 | A | 11/1977 | Kunz |
| D251,103 | S | 2/1979 | Puustinen |

(Continued)

FOREIGN PATENT DOCUMENTS

DE              3320594              12/1984

(Continued)

OTHER PUBLICATIONS

English language abstract of West German Patent Application No. DE 3320594, esp@cenet database, Dec. 13, 1984.

(Continued)

*Primary Examiner*—Jennifer Rivard
(74) *Attorney, Agent, or Firm*—Cooper & Dunham LLP

(57) **CLAIM**

The ornamental design for a combined foot micro file and holder, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view thereof;

FIG. **2** is a front view thereof;

FIG. **3** is a right side view thereof;

FIG. **4** is a back view thereof;

FIG. **5** is a left side view thereof;

FIG. **6** is a top view thereof; and,

FIG. **7** is a bottom view thereof.

The broken lines in FIG. **7** illustrate a portion of the combined foot micro file and holder and form no part of the claimed design.

**1 Claim, 7 Drawing Sheets**



## US D596,353 S

Page 2

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,422,465 | A | 12/1983 | Haga |
| D276,812 | S * | 12/1984 | Kanazawa ................... D7/678 |
| 4,537,207 | A | 8/1985 | Gilhaus |
| 5,302,234 | A | 4/1994 | Grace et al. |
| 5,522,136 | A | 6/1996 | Larisey |
| 5,564,189 | A | 10/1996 | Lee |
| 5,570,700 | A | 11/1996 | Vogeler |
| 5,653,024 | A | 8/1997 | Cartagenova |
| D393,986 | S | 5/1998 | Joergensen |
| 5,832,610 | A | 11/1998 | Chaplick |
| 5,881,735 | A | 3/1999 | Kutnik |
| 5,913,313 | A | 6/1999 | Brunderman |
| 6,142,156 | A * | 11/2000 | Brunderman .............. 132/76.4 |
| 6,283,978 | B1 | 9/2001 | Cheski et al. |
| 6,481,443 | B1 * | 11/2002 | Moore-Johnson et al. ..... 132/73 |
| D483,910 | S * | 12/2003 | O'Brien, II ................. D28/57 |
| D486,268 | S * | 2/2004 | Chien ......................... D28/59 |
| 6,733,595 | B1 | 5/2004 | Grillo |
| D491,774 | S | 6/2004 | Brousseau et al. |
| D494,026 | S | 8/2004 | Brousseau et al. |
| D499,313 | S * | 12/2004 | Lawson et al. ............... D7/678 |
| D523,143 | S | 6/2006 | Anderson et al. |
| 7,093,603 | B2 | 8/2006 | Han |
| D550,522 | S * | 9/2007 | Raia ............................ D7/678 |
| D568,118 | S | 5/2008 | Chalfant et al. |
| 2002/0087167 | A1 * | 7/2002 | Winitsky .................... 606/131 |
| 2005/0061343 | A1 | 3/2005 | Ebner |
| 2006/0178676 | A1 | 8/2006 | Anderson et al. |
| 2007/0214557 | A1 | 9/2007 | Qiu |
| 2008/0000490 | A1 * | 1/2008 | Jo ............................. 132/76.4 |
| 2008/0045974 | A1 * | 2/2008 | Dixon ........................ 606/131 |
| 2008/0091216 | A1 | 4/2008 | Grace et al. |

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | 19624578 | 1/1998 |
| KR | 20030096747 | 12/2003 |
| WO | WO 03024290 | 3/2003 |
| WO | WO 2004075764 | 9/2004 |
| WO | WO 2006068638 | 6/2006 |

### OTHER PUBLICATIONS

English language abstract of Republic of Korea Patent Publication No. KR 20030096747, esp@cenet database, Dec. 31, 2003.
"Nutmeg Grater", 4 pages, <http://www.silvercollection.it>, before 2007.
Summary Information of European Design No. 000527940-0001, 2 pages, <http://oami.europa.eu>, RCD-ONLINE database, Jun. 27, 2006.
"Comfort Callus Rasp", 1 page, <www.tweezerman.com>, 2005.
English language abstract of German Patent Publication No. DE 19624578, esp@cenet database, Jan. 8, 1998.
"Replaceable Cartridge for XL Pro Foot File", 2 pages, <www.microplane.com>, 2006.
"Transform Your Soles!", 2 pages, <www.microplane.com>, 2005.
"Microplane Personal Care", instruction sheet, 1 page, 2008.

* cited by examiner

**U.S. Patent**          Jul. 14, 2009          Sheet 1 of 7          **US D596,353 S**



*FIG. 1*

Case: 3:09-cv-00734-BNC   Document #: 1   Filed: 04/18/11   Page 46 of 68



*FIG.* 2

Case: 1:11-cv-02130 Document #: 1-1 Filed: 03/30/11 Page 23 of 44 PageID #:42
Case 3:09-cv-20734-RNC   Document 49   Filed 04/18/11   Page 47 of 68



*FIG. 3*

Case: 1:11-cv-02130 Document #: 1 Filed: 05/30/11 Page 24 of 44 PageID #:43



*FIG. 4*

Case: 1:11-cv-02190 Document #: 1 Filed: 05/30/11 Page 25 of 44 PageID #:44
Case 3:09-cv-00734-RNC Document 49 Filed 04/18/11 Page 49 of 68



*FIG. 5*

Case: 3:09-cv-00734-PNC Document #: 1-1 Filed: 04/18/11 Page 50 of 68
Case: 1:11-cv-02190 Document #: 1-1 Filed: 05/30/11 Page 20 of 44 PageID #:45



*FIG. 6*

Case: 1:11-cv-02130 Document #: 1 Filed: 05/30/11 Page 27 of 44 PageID #:46



FIG. 7

Case 3:09-cv-20534-RNC Document 49 Filed 04/18/11 Page 52 of 68

# EXHIBIT D

Int. Cl.: 8

Prior U.S. Cls.: 23, 28 and 44

## United States Patent and Trademark Office

**Reg. No. 3,633,750**
Registered June 9, 2009

## TRADEMARK
### PRINCIPAL REGISTER



INTERNATIONAL EDGE, INC. (NEW JERSEY CORPORATION)

79 TWO BRIDGES ROAD

FAIRFIELD, NJ 07004

FOR: PEDICURE IMPLEMENTS, NAMELY, FOOT FILES, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 10-29-2007; IN COMMERCE 10-29-2007.

THE MARK CONSISTS OF THE CONFIGURATION OF A FOOT FILE IMPLEMENT, SPECIFICALLY, THE ENTIRE IMPLEMENT.

SEC. 2(F).

SER. NO. 77-358,414, FILED 12-21-2007.

TRACY CROSS, EXAMINING ATTORNEY

# EXHIBIT E

Int. Cl.: 8

Prior U.S. Cls.: 23, 28, and 44

**United States Patent and Trademark Office**

Reg. No. 3,450,241
Registered June 17, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# Pedegg

INTERNATIONAL EDGE, INC. (NEW JERSEY CORPORATION)
79 TWO BRIDGES ROAD
FAIRFIELD, NJ 07004

FOR: PEDICURE IMPLEMENTS, NAMELY, FOOT FILES, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 10-29-2007; IN COMMERCE 10-29-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-075,247, FILED 1-3-2007.

BILL DAWE, EXAMINING ATTORNEY

EXHIBIT F

Int. Cl.: 8

Prior U.S. Cls.: 23, 28, and 44

## United States Patent and Trademark Office

Reg. No. 3,522,124

Registered Oct. 21, 2008

## TRADEMARK
### PRINCIPAL REGISTER



INTERNATIONAL EDGE, INC. (NEW JERSEY CORPORATION)
79 TWO BRIDGES ROAD
FAIRFIELD, NJ 07004

FOR: PEDICURE IMPLEMENTS, NAMELY, FOOT FILES, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 10-29-2007; IN COMMERCE 10-29-2007.

THE MARK CONSISTS OF THE LETTERS "PED" FOLLOWED BY A FOOTPRINT APPEARING VERTICALLY FOLLOWED BY THE WORD "EGG".

SN 77-300,148, FILED 10-10-2007.

COLLEEN DOMBROW, EXAMINING ATTORNEY

# EXHIBIT G



# EXHIBIT H

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VA 1-629-218**

**Effective date of
registration:**

**November 2, 2007**

## Title

**Title of Work:** PED EGG Packaging

**Nature of Work:** Product packaging with text and images

## Completion/Publication

**Year of Completion:** 2007

**Date of 1st Publication:** October 18, 2007    **Nation of 1st Publication:** United States

## Author

■ **Author:** International Edge Inc.

**Author Created:** 2-Dimensional artwork; Photograph; Text

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

**Anonymous:** No    **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** International Edge Inc.

79 Two Bridges Road, Fairfield, NJ, 07004

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Peter D. Murray

**Date:** October 30, 2007

Case 3:09-cv-20784-RNC Document 49 Filed 04/18/11 Page 63 of 68

# EXHIBIT I



# EXHIBIT J





